Phipps SC, LLC v SA SBS Myrtle Beach Managing Member, LLC (2021 NY Slip Op 02226)





Phipps SC, LLC v SA SBS Myrtle Beach Managing Member, LLC


2021 NY Slip Op 02226


Decided on April 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 08, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, JJ. 


Index No. 653039/18 Appeal No. 12242-12243 Case No. 2020-02564, 2019-2413 

[*1]Phipps SC, LLC, Plaintiff-Appellant,
v
SA SBS Myrtle Beach Managing Member, LLC, et al., Defendants-Respondents. 


Gabriel Fischbarg, New York, for appellant.
The Shell Law Firm, PLLC, New York (Martin Shell of counsel), for respondents.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered February 14, 2019, which, to the extent appealed from, granted defendants' motion to dismiss plaintiff's fifth cause of action, for rescission of the parties' settlement agreement, unanimously affirmed, with costs. Order, same court and Justice, entered on or about May 5, 2o2o, which, to the extent appealed from, denied plaintiff's motion for summary judgment on its second (breach of LLC operating agreement), third (breach of settlement agreement), and sixth (breach of fiduciary duty) causes of action, and its alternative request to disqualify defendants' attorneys, unanimously affirmed, with costs.
Plaintiff shows no reason to disturb the motion court's dismissal of the rescission claim, as it does not show that it lacks an adequate remedy at law. Plaintiff claims to have been harmed by not receiving monetary distributions in connection with a refinancing, and thus fails to show why money damages would not fully remedy defendants' alleged breach of ¶2C of the parties' settlement agreement (see Rudman v Cowles Communications, 30 NY2d 1, 14 [1972]; Ellington v Sony/ATV Music Publ. LLC, 85 AD3d 438, 439 [1st Dept 2011]). Plaintiff also failed to allege facts to support its conclusory claim that defendants' alleged breach of ¶2C defeated the very purpose of the settlement agreement such that rescission would be appropriate (see Bisk v Cooper Sq. Realty, Inc., 115 AD3d 419 [1st Dept 2014]). Its arguments for rescission on grounds of mistake are also unavailing. As to mutual mistake, plaintiff does not allege how defendants might have been "mistaken" about the meaning of ¶2C. As to unilateral mistake, plaintiff fails to show how a refusal to rescind will result in unjust enrichment (Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist., 81 NY2d 446 [1993]), when the settlement agreement states that the amounts plaintiff paid defendant Austin were in repayment of a loan he had previously extended on plaintiff's behalf.
We also affirm denial of summary judgment, as plaintiff's interpretation of ¶2C ignores key language in the provision, in particular, that the $120,000 referenced therein was expressly an estimate, that the provision employs the term "any net distributions," thus indicating that net distributions (of any amount) were not a certainty, and its reference to the operating agreement, which provides that distributions to LLC members are net of expenses. Plaintiff summarily states the parenthetical on which its case hinges, "i.e., $60,000 to Phipps and Austin, respectively," supersedes this language, but does not show why.
The motion court also properly denied the disqualification motion. On appeal, plaintiff avers disqualification is proper "if" this Court should determine ¶2C is ambiguous, but does not show how ¶2C is ambiguous, and the parties' differing interpretations of its terms does not make it so (see Bethlehem Steel Co. v Turner Constr. Co., [*2]2 NY2d 456 [1957]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2021